CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 03, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Robert William Pforr,

Plaintiff,

v.

Dept. of Corrections District 12 *et al.*,

Defendants.

Civil Action No. 7:26-cv-00695

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert William Pforr, an incarcerated individual proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Pforr relates that, prior to his current incarceration, a probation officer, Defendant Heather Belcher, advised him that he could not travel out of the district, leading to him missing medical appointments and testing. (Dkts. 1, 9.)

Pforr previously filed the documents needed to support his application to proceed *in forma pauperis*. (Dkts. 2, 5, 7.) While the court finds that Pforr qualifies to proceed without prepayment of fees or costs, it also finds that the amended complaint fails to state any viable federal claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the amended complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* submissions liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), any complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint."

*Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II. Analysis

The amended complaint here fails to present a viable federal claim. The court previously advised Pforr that his original complaint failed to state a claim upon which relief could be granted for a variety of reasons. (Dkt. 8.) The court explained what was deficient and permitted Pforr an opportunity to file an amended complaint. (*Id.*) Pforr subsequently filed an amended complaint, but it still does not rectify the noted deficiencies against the named Defendants. (Dkt. 9.)

As the Court previously explained, the institutional Defendant named by Pforr, the "Dept. of Corrections District 12 (Probation and Parole)," is not a person that can be sued under 42 U.S.C. § 1983. Secondly, the amended complaint fails to explain how the other named Defendant, probation officer Heather Belcher, violated the U.S. Constitution or other federal law. Pforr states only that she told him he could not travel to his medical appointments, which caused him to miss them. This action alone, without any additional detail, does not support a plausible entitlement to relief that Belcher violated Pforr's federal rights. Without a viable federal claim in the action, the court lacks jurisdiction to consider any state law claims.

## III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** this action **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Pforr.

**ENTERED** this 3rd day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE